UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MARK WILLIAM AUGUST, | ) | CASE NO. 5:20-cv-146 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| STARK REGIONAL COMMUNITY | ) | |
| CORRECTIONS CENTER, | ) | |
| | ) | |
| DEFENDANT. | ) | |

**I.    BACKGROUND**

*Pro se* plaintiff Mark William August ("August" or "plaintiff") has filed a prisoner complaint pursuant to 42 U.S.C. § 1983 against defendant Stark Regional Community Corrections Center ("SRCCC" or "defendant"). (Doc. No. 1.) The alleged basis for August's complaint is that he sliced his left index finger to the bone with a razor given to him by staff while "no staff" was present to watch him. (*Id.* at 5-6.[1]) Seeking damages and other relief, August contends SRCCC "deliberately or carelessly injured" him and violated his constitutional rights by providing him inadequate care allowing bodily harm. (*Id.* at 4.)

With his complaint, plaintiff has filed a motion to proceed *in forma pauperis*. (Doc. No. 2.) That motion is granted. He also filed a "Motion to Pleas" (Doc. No. 4), in which he restates his allegations and refers to the Federal Tort Claims Act ("FTCA"). The Court liberally construes this motion as seeking leave to plead a claim under the FTCA. The Court grants the motion to the

---

[1] Page citations herein are to the page ID# applied by the electronic filing system.

extent plaintiff seeks to amend his complaint to add a claim under the FTCA. For the reasons stated below, however, the plaintiff's complaint is dismissed.

## II. STANDARD OF REVIEW

Although *pro se* pleadings are construed liberally, *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982), federal district courts are expressly required, under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, to screen all *in forma pauperis* actions and prisoner complaints seeking redress from governmental entities, and to dismiss before service any such action that the Court determines is frivolous or malicious, fails to state a claim on which relief may be granted, and/or seeks monetary relief from a defendant who is immune from such relief. In order to survive dismissal, a *pro se* complaint must set forth sufficient factual matter, accepted as true, to state claim for relief that is plausible on its face. *See Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) governs dismissals under §§ 1915(e)(2)(B) and 1915A). The factual allegations in the pleading "must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Twombly*, 550 U.S. at 555. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal quotation marks omitted) (citing Fed. R. Civ. P. 8(a)(2)).

## III. ANALYSIS

Even liberally construed, August's complaint fails to state a plausible claim upon which he may be granted relief.

First, the Complaint fails to state a plausible claim under § 1983. SRCCC, a correctional facility, is not an entity subject to suit under § 1983 in its own right. *See Watson v. Gill*, 40 F. App'x 88, 89 (6th Cir. 2002) (a county jail is not a legal entity susceptible to suit under § 1983).

And the complaint fails to state a plausible claim to the extent it is construed as brought against Stark County. *See id.* (stating that county is the appropriate party to address a plaintiff's suit against a county jail) (*citing Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994)). A plaintiff may hold a local government liable only where the government's own official policy or custom deprives the plaintiff of a constitutional right. *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003). To make out a claim, a plaintiff must identify a government policy or custom, connect the policy to the government entity itself, and show that his particular injury was incurred due to execution of the policy. *Id.* August does not identify any particular policy or custom of Stark County, nor does he allege facts connecting such a policy to his alleged injury. Further, it is well established that a plaintiff cannot sue a local government entity under § 1983 on the theory of *respondeat superior* liability — *i.e.*, solely because a government employee committed a tort — as the plaintiff appears to do here. *See Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 692-94, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).

Second, August has also alleged no plausible claim under the FTCA. The FTCA allows plaintiffs to seek damages from the United States for certain torts committed by federal employees. *See* 28 U.S.C. §§ 1346(b), 2679. Plaintiff does not seek damages from the United States; nor does he allege facts suggesting negligent or wrongful conduct by a federal employee.

## IV. CONCLUSION

Accordingly, for the reasons set forth herein, this action is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: May 22, 2020

                                              **HONORABLE SARA LIOI**
                                              **UNITED STATES DISTRICT JUDGE**